UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH P. STEELE,

    Plaintiff,

vs                                      Case No: 11-14021
                                        Honorable Victoria A. Roberts

RADIOSHACK CORPORATION,
a Delaware Corporation,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

    Before the Court is Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6).  Doc. # 9.

    The Court **DENIES** Defendant's motion.

**II.  BACKGROUND**

    This controversy arises from Defendant's disclosure of photographs to Plaintiff's employer, that were on Plaintiff's cellular phone.  Plaintiff went to Defendant's store to purchase a new cellular phone to replace his personal phone.  During the course of the transaction, Plaintiff allowed Defendant to access his cellular phone to transfer data, including personal information, from the old phone to the new one.  Doc # 1 Compl. ¶¶ 11-12.  Additionally, Plaintiff left his old phone with Defendant for disposal or recycling, allegedly in conjunction with Defendant's privacy policy.  *Id.* ¶¶ 13, 20, 22.  After this transfer took place and Plaintiff left the store, Defendant again accessed Plaintiff's cellular phone, reviewed the personal information contained in it, including pictures

1

taken at Plaintiff's worksite, and forwarded those pictures to Plaintiff's employer. *Id.* ¶¶ 15-16. Plaintiff was fired for having a recording device on him during work hours. *Id.* ¶¶ 18-19; Doc # 11 at 7.

Defendant removed this case from Wayne County Circuit Court and filed a motion for summary judgment citing a 12(b)(6) standard – not the standard of review for a summary judgment motion – which has caused inaccurate, insufficient, and jumbled arguments from both sides. Defendant's motion states that Plaintiff failed to allege that the content of his cell phone was a "right possessed by Plaintiff to keep the subject matter private or that the subject matter was obtained through some method objectionable to a reasonable person." Doc. # 9 ¶ 6. Defendant supports this assertion by stating, in essence, that since Plaintiff handed over his phone to Defendant, he had no right to keep the content private. *Id.* ¶ 7. Furthermore, Plaintiff did not allege an offensive intrusion, just the fact of disclosure. *Id.* ¶ 8. Defendant's brief argues that, *inter alia,* Plaintiff cannot "establish a claim of intrusion upon seclusion when he voluntarily provided the 'private' content to Defendant." *Id.* at 5.

Plaintiff responds by stating that he was told that Defendant would erase his data from his old phone, and recycle it. Doc. # 11 ¶ 4; *see also* Doc. # 1 Compl. ¶¶ 13, 20-22. Plaintiff goes on to make various arguments dealing with the scope of consent of the transfer, as opposed to any insufficiency in the pleadings. *See* Doc. 11 ¶¶ 15-21. This is best illustrated in paragraph 21 of Plaintiff's response: "[t]he defendant's [sic] motion for summary disposition pursuant [to] Fed. R. Civ P. [sic] 12(b)6) [sic] is improper as plaintiff [sic] has made a prima facia [sic] case for the cause of action of intrusion upon seclusion and there are facts in dispute that are to be determined by a

2

jury." *Id.* ¶ 21. Plaintiff's brief addresses various elements of the claim, stating primarily that these elements are a question of fact for a jury to decide – not that the original Complaint pled sufficient facts to state a claim for relief.

Defendant's reply brief, Doc. # 12, is entitled "Defendant RadioShack Corporation's Reply Brief in Support of its **Rule 12(b)(6) Motion to Dismiss** [emphasis added]." Defendant produces a step-by-step argument that Plaintiff failed to allege sufficient facts to sustain a claim per the heightened pleading requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009) – the very first time that these landmark cases, which provide the essential tests for a modern 12(b)(6) motion to dismiss, are discussed. However, the majority of the argument in this reply brief is not contained in the original motion, which further confuses the Court as to what Defendant is arguing. Had this analysis been in the original motion, it would have informed both the Court, as well as Plaintiff, of Defendant's true argument – that Plaintiff's Complaint fails to allege sufficient facts to state a claim based on the current pleading requirements outlined in *Twombly* and *Iqbal* – not that there was no material question of fact because Plaintiff consented to the intrusion.

### III. STANDARD OF REVIEW

Defendant submitted a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b)(6. However, a motion for summary judgment is brought under Fed. R. Civ. P. 56, alleging that there are no questions of material fact, and that the movant is entitled to judgment as a matter of law. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is a motion seeking judgment for "failure to state a claim upon which relief can be granted"

in the pleadings. Fed. R. Civ. P. 12(b)(6). Traditionally, a 12(b)(6) motion must be filed prior to the submission of the first responsive pleading; this motion is used to test the sufficiency of the complaint as a matter of law. Fed. R. Civ. P. 12(b). However, Fed. R. Civ. P. 12(h)(2) allows for a motion for failure to state a claim to be submitted, *inter alia*, through a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Fed. R. Civ. P. 12(h). Defendant fails to use the appropriate mechanism to file its motion.

A motion for summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). Summary judgment is not appropriate if the evidence indicates that a reasonable trier of fact could rule in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). "The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion." *Golliday v. Chase Home Fin., LLC,* 761 F.Supp.2d 629, 634 (W.D. Mich. 2011) (citing *Matsushita*, 475 U.S. at 587 and *Smith v. Williams-Ash*, 520 F.3d 596,599 (6th Cir. 2008)).

Alternatively, when deciding a 12(b)(6) motion to dismiss, the Court looks at the pleadings to see if sufficient facts have been alleged to state a claim. For the purposes of this motion, "the court must construe the complaint in the light most favorable to the

4

plaintiff, [and] accept all factual allegations as true. . . ." *Cline v. Rogers,* 87 F.3d 176, 179 (6th Cir. 1996); *see also Segal v. Fifth Third Bank, N.A.,* 581 F.3d 305 (6th Cir. 2009).

The traditional notion of notice pleading has been recently tempered through the holdings in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009). These cases establish a two-step approach for a motion to dismiss. First, the court must take all factual allegations as true, noting however, that legal conclusions are not entitled to the presumption of truth. *Ashcroft,* 129 S.Ct. at 1949-50. Second, the complaint must state a claim that is plausible, not merely possible, in order to avoid dismissal. *Id.* at 1950. Additionally, the court must rely on "judicial experience" and "common sense" when deciding a 12(b)(6) motion to dismiss. *Id.* at 1949; *see also South Cherry Street, LLC v. Hennessee Group LLC,* 573 F.3d 98, 110 (2d Cir. 2009), *Howard v. City of Girard, Ohio,* 2009 WL 2998216, *2 (6th Cir 2009).

Notably, a motion to dismiss must be converted to a motion for summary judgment if it relies on matters outside the pleadings. Fed. R. Civ. P. 12(d). Defendant relies only on the pleadings, and presents no outside facts to support its motion; therefore, Defendant is not entitled to have its motion to dismiss converted into a motion for summary judgment.

**IV. ANALYSIS**

There has been little – perhaps no – discovery conducted in the case. *See* Doc. #7 Rule 26(f) Disc. Plan. The complaint and Plaintiff's response to the motion suggest there are questions of fact for a jury to decide, including, but not limited to, the scope of

5

consent given by Plaintiff to Defendant regarding access to his mobile device, whether or not the phone was disposed of in accordance with Defendant's privacy policy, as well as if Plaintiff had a reasonable expectation of privacy after being told that his phone would be destroyed and/or recycled after he relinquished the phone to Defendant. Because these questions of fact exist, and considering the limited discovery to date, the Court **DENIES** Defendant's Motion for Summary Judgment under Fed. R. Civ. P. 56.

Similarly, the Court finds that Plaintiff pled sufficient facts to sustain a claim for common law intrusion upon seclusion. To sustain this claim, Plaintiff must prove three elements: (1) the existence of a secret and private subject matter, (2) a right possessed by the plaintiff to keep that subject matter private, and (3) defendant obtained information about that subject matter through a method objectionable to a reasonable person. *Tobin v. Civil Service Comm.*, 416 Mich. 661, 672 (1982). These elements are not in dispute between the parties. *See* Doc. # 9, Def's Mot. Summ. J.; Doc. # 11, Pl.'s Resp..

Defendant's motion contends that Plaintiff has not pled facts sufficient to support the second and third elements: that Plaintiff has a right to keep the subject matter private, and that it was obtained through a method objectionable to a reasonable person. Doc. # 9 ¶ 6. While both parties argue the first element of the claim in subsequent briefs, the existence of a secret and private subject matter, Defendant's motion does not allege that this element has not been sufficiently pled. *See id.* This is another deficiency in Defendant's motion. Therefore, the Court dispenses with this element; it was never put into question in the motion itself.

With respect to the second element, Plaintiff alleges that Defendant transferred personal information contained on his old cellular phone into a new cellular phone. Doc # 1 Compl. ¶ 11. Furthermore, Plaintiff alleges that the disposal of his phone would be in accordance with RadioShack's Privacy Policy. *Id.* ¶¶ 20, 22. It is a reasonable inference, and therefore, plausible, that Plaintiff possessed a right to keep that personal information private, consistent with this privacy policy. Defendant's argument is illogical – it says that a customer has no right to keep personal information private once he allows RadioShack access to it during the course of business. If this Court embraces this argument, then RadioShack would not have any liability for disclosing personal credit card information it obtained while processing a sale. Customers routinely give personal information in order to process transactions – information that they would expect to be disposed of and kept private, not distributed to whomever the store feels like giving it to.

While Defendant contends that Plaintiff's information was no longer private due to the transfer and subsequent relinquishment of the phone for disposal (*see* Doc. # 9 Def.'s Br. Supp. Mot. Summ. J. at 4-5), this is a question for the jury to decide. It would be relevant to a motion for summary judgment, but not a motion to dismiss under 12(b)(6).

The third element of intrusion upon seclusion means Plaintiff must prove that the method of access was objectionable to a reasonable person. To support this allegation, Plaintiff states that, subsequent to the transaction in which Defendant was authorized to access the cellular phone, Defendant again accessed the phone, reviewed information contained in it, and disclosed that information to the public. *Id.* ¶ 16. Additionally,

Plaintiff alleges that this intrusion was highly offensive to him, and that it would be highly offensive to any reasonable person. *Id.* ¶ 29.

Relying on judicial experience and common sense, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff sufficiently pled facts to sustain this third element. A subsequent, unauthorized intrusion into an electronic device that contains personal information, given to the intruder under the pretenses that that device would be destroyed or recycled, or at the least, would be kept confidential consistent with a privacy policy, is a type of intrusion that would be objectionable to a reasonable person.

Again, Defendant emphasizes that Plaintiff consented to Defendant's accessing of his phone; however, as discussed *supra,* the scope of consent is a question of fact for a jury to decide.

## V.    CONCLUSION

Defendant's Motion for Summary Judgment (filed pursuant to Fed. R. Civ. P. 12(b)(6)) is **DENIED.**

**IT IS ORDERED.**

                                        /s/ Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  2/3/12

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on all counsel of recordFebruary 3, 2012.

S/Linda Vertriest

Deputy Clerk